

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-58,179-02

**EX PARTE FAUSTINO OVALLE, Applicant**

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS
## CAUSE NO. 11-3351-1-HC IN THE 36TH DISTRICT COURT
## FROM SAN PATRICIO COUNTY

*Per curiam*.

**O R D E R**

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of four counts of aggravated assault and sentenced to thirty-five years' imprisonment for each count. The Thirteenth Court of Appeals affirmed his convictions. *Ovalle v. State*, No. 13-12-00272-CR (Tex. App.—Corpus Christi-Edinburg Jan. 9, 2014) (not designated for publication).

Applicant contends, among other things, that he is actually innocent, that a trial prosecutor suppressed material impeachment evidence, that a prosecutor knowingly presented false evidence, and that his conviction was based on false evidence. In support of his claims, he proffers affidavits

from witnesses and his co-defendant. The State recommended that the trial court designated issues for resolution, but the habeas record contains no findings from the trial court.

Applicant has alleged facts that, if true, might entitle him to relief. *Brady v. Maryland*, 373 U.S. 83 (1964); *Giglio v. United States*, 405 U.S. 150 (1972)*; Ex parte Elizondo*, 947 S.W.2d 202 (Tex. Crim. App. 1996); *Ex parte Weinstein*, 421 S.W.3d 656, 665 (Tex. Crim. App. 2014). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. Before we make the important decision of whether Applicant is entitled to relief, the record should be more fully developed. The trial court shall therefore conduct a live evidentiary hearing on the matter at which testimony is received addressing these claims.

It appears that Applicant is represented by counsel. Before the trial court holds a hearing, it shall determine if Applicant is represented by counsel, and if not, whether Applicant is indigent. If Applicant is indigent, not represented by counsel, and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether Applicant has proved by clear and convincing evidence that he is actually innocent of the crimes of conviction. The trial court shall make findings of fact and conclusions of law addressing whether witnesses provided false testimony and, if so, whether it was material. The trial court shall make findings of fact and conclusions of law addressing Applicant's allegations that the State withheld material impeachment evidence and elicited false testimony. In making the findings, the trial court shall make credibility findings. Should the Court determine that the recantations are credible, it shall make

findings as to whether Applicant's exposure to party liability. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claims for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: November 7, 2018
Do not publish